IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

**JOHN DOUGHERTY,**

          **Plaintiff,**

**v.**                                      **CIV. No.  00-88 JP/DJS**

**MCI WORLDCOM TELECOMMUNICATIONS,**
**a corporation licensed to do business in the**
**State of New Mexico and HARTFORD LIFE**
**AND ACCIDENT INSURANCE COMPANY,**
**a corporation licensed to do business in the**
**State of New Mexico,**

          **Defendants.**

## MEMORANDUM OPINION AND ORDER

On March 20, 2000, Defendant Hartford Life and Accident Insurance Company filed a Partial Motion to Dismiss (Doc. No. 13) on the ground that Plaintiff's claims are preempted by ERISA.  On March 29, 2000, Defendant MCI Worldcom Telecommunications filed a Motion to Dismiss (Doc. No. 18) under Fed. R. Civ. P. 12(b)(6).   After thoroughly reviewing the briefs, the pleadings, and the applicable law, I conclude that Counts II, III, and IV should be dismissed with prejudice, and that Plaintiff may amend Count I, which will be dismissed without prejudice.

**I.     BACKGROUND**

Plaintiff's version of the facts are as follows.  In September 1997, Worldcom hired Plaintiff John Dougherty as a dialer technician.  When Worldcom merged with MCI to create MCI Worldcom Network Services Inc.  ("MCI Worldcom"), Plaintiff's position became obsolete,

and he applied for a cable locator position within the new corporate entity.  Plaintiff had emphysema, which he did not conceal during his interview for the position.  On April 19, 1999, MCI Worldcom hired Plaintiff to work as a cable locator.  While he could perform some job duties, he could not "walk substantial distances over uneven or broken ground," a task that MCI Worldcom determined to be essential to Plaintiff's job.  On June 21, 1999, MCI Worldcom terminated Plaintiff for physical inability to perform essential job functions.  Subsequent to his termination he applied for disability benefits.

Plaintiff quotes portions of a Handbook issued by MCI Worldcom, which states that when employees are disabled from performing essential job functions due to a covered illness, they are entitled to both short- and long-term disability benefits.[1]  Both MCI Worldcom and its insurer, The Hartford Life and Accident Insurance Company ("Hartford"), refused to pay short-term disability benefits.  Long-term benefits begin on the 27th week of disability.  The record does not indicate, however, whether Plaintiff has filed a claim for long-term benefits and, if so, whether Defendants refused to pay them.

Plaintiff's complaint contains four counts.  Count I alleges denial of short- and long-term disability benefits in violation of ERISA 29 U.S.C. § 1132(a)(1)(B).  Count II alleges bad faith refusal to pay disability benefits.  Count III alleges breach of contract for intentional termination

---

[1] None of the parties provided the actual text of the benefits plan or the denial letter sent to Plaintiff.  These documents would have been of assistance in assessing whether ERISA requirements were met.

to avoid paying disability benefits.[2] Count IV vaguely alleges that "[d]efendant's conduct constituted a violation of New Mexico statutes and the common law" and asks for compensatory and punitive damages for willful, wanton, and reckless conduct. Plaintiff directs Counts I, II, and IV at both Defendants. Count III applies only to Defendant MCI Worldcom.

MCI Worldcom argues that Count I must be dismissed because Plaintiff failed to exhaust his administrative remedies before taking action under ERISA. Additionally, it argues that ERISA preempts the state law claims in Counts II through IV. Hartford's partial motion to dismiss does not address Count I. Like MCI Worldcom, however, Hartford argues that ERISA preempts Counts II and IV.[3]

## II.   LEGAL STANDARD

A motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) should be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding a motion to dismiss, the court presumes that all of the plaintiff's factual allegations are true and draws all reasonable inferences in the plaintiff's favor. *See Breidenbach v. Bolish*, 126 F.3d 1288, 1293 (10th Cir. 1997).

---

[2] Count III alleges that Plaintiff's termination "constituted a breach of contract, public policy, [and] the ERISA statute," (Complaint at ¶ 38), which implies three separate causes of action. However, Plaintiff's responses consistently refer to Count III as a breach of contract claim, with no mention of either public policy or ERISA. Therefore, Plaintiff has abandoned any claim in Count III for wrongful termination in violation of public policy or ERISA.

[3] Hartford also argues for dismissal of Count III to the extent Count III is alleged against it. Neither Plaintiff's complaint nor its briefs suggest that Count III is directed at Hartford. Moreover, common sense dictates that Hartford cannot be sued for wrongful termination because it did not employ Plaintiff.

### III. DISCUSSION

**A. Count I**

Count I of Plaintiff's complaint alleges denial of disability benefits in violation of § 1132(a)(1)(B), which allows a plan participant to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits." Although § 1132 does not explicitly require exhaustion of administrative remedies, the Tenth Circuit and other courts have found that under ERISA, "exhaustion of administrative remedies is an implicit prerequisite to seeking judicial relief under § 1132(a)(1)(B)." *Gaylor v. John Hancock Mutual Life Ins. Co.,* 112 F.3d 460, 467 (10th Cir. 1997) (quoting *Held v. Manufacturers Hanover Leasing Corp.,* 912 F.2d 1197, 1206 (10th Cir. 1990)); *see also Denton v. First Nat'l Bank of Waco, Texas,* 765 F.2d 1295, 1303 (5th Cir. 1985); *Amato v. Bernard,* 618 F.2d 559, 567-68 (9th Cir. 1980).[4] Plaintiffs must plead exhaustion of administrative remedies in their complaints. *See Variety Children's Hosp. v. Century Medical Health Plan, Inc.,* 57 F. 3d 1040, 1042 (11th Cir. 1995).

Courts may waive the exhaustion requirement where (1) "resort to administrative remedies would be futile" or (2) "the remedy provided is inadequate." *McGraw v. Prudential Ins. Co. of America,* 137 F.3d 1253, 1263 (10th Cir. 1998) (citing *Counts v. American General Life & Acc. Ins. Co.,* 111 F.3d 105, 108 (11th Cir. 1997)). A third exception, which may be more accurately characterized as a type of futility exception, arises when a benefits provider wrongfully denies a claimant access to administrative procedures. *See Curry v. Contract Fabricators Inc. Profit*

---

[4] Unlike § 1132 claims, claims brought under § 1142 for wrongful termination do not require exhaustion of administrative remedies. *See Held v. Manufacturers Hanover Leasing Corp.,* 912 F.2d 1197, 1205 (10th Cir. 1990). Plaintiff did not, however, allege a § 1142 claim.

*Sharing Plan,* 891 F.2d 842, 846 (11th Cir. 1990); *Lieske v. Morlock,* 570 F. Supp. 1426, 1429 (N.D. Ill. 1983); *Watson v. Fuller Brush Co.,* 570 F. Supp. 1299, 1302 (W.D. Mich. 1983). If applicable, Plaintiffs should allege in their complaints that one of the exceptions to the exhaustion rule applies. *See Variety*, 57 F.3d at 1042 n.2 ("Furthermore, Variety also failed to plead that exhaustion is waived because it would be futile.") (citation omitted).

The only allegations in Plaintiff's complaint concerning exhaustion of administrative remedies are that "a demand has been made" (Complaint at ¶20) and that "[t]he demand by Dougherty for payment of Short Term Disability benefits has been timely made." (Complaint at ¶ 21.) These allegations clearly fail to meet the exhaustion of administrative remedies prerequisite for § 1132 claims. *See Variety*, 57 F.3d at 1042 n.2 (holding that allegations that a plaintiff has complied with "all conditions precedent" or that "such conditions have been waived or excused" did not address the exhaustion requirement); *Variety Children's Hospital, Inc. v. Blue Cross/Blue Shield*, 942 F. Supp. 562, 568 (S.D. Fla.1996) (holding that plaintiff's allegations that "At all times material hereto, the Plaintiff performed all obligations imposed on her by the contract of insurance in effect or, in the alternative, such conditions have been waived or excused" failed to satisfy the requirements for pleading exhaustion under ERISA).

Plaintiff's complaint fails to allege anything concerning the exceptions to the exhaustion requirement. Nevertheless, in his response to MCI Worldcom's motion to dismiss Plaintiff argues that he did not have to exhaust his administrative remedies because the facts of his case fall under the exceptions of futility and denial of meaningful access to review procedures. Plaintiff asks for leave to amend Count I of his complaint under Fed. R. Civ. P. 15 in order to include facts supporting his argument that he falls under an exception.

5

Under Rule 15(a), Plaintiff has the right to amend his complaint once without leave of court because Defendant MCI Worldcom has not yet answered the complaint.[5] Rule 15(a) also allows a party to amend with the court's permission "when justice so requires." In this case, justice also requires allowing the Plaintiff to amend his complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that "[i]n the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," leave to amend should be freely granted). Unless Plaintiff's amended complaint contains more facts than those set forth in Plaintiffs' responses, however, it is doubtful that he will not be able to adequately plead that he exhausted his administrative remedies under ERISA or that the exceptions to the exhaustion rule apply.[6]

---

[5] A 12(b)(6) motion to dismiss is not a responsive pleading. *See Domino Sugar Corp. v. Sugar Workers Local Union 392,* 10 F.3d 1064, 1068 n. 1 (4th Cir. 1993).

[6] Plaintiff should note that the futility exception in particular has a narrow application. *See Rando v. Standard Ins. Co.,* No. 96-cv-1153, 1999 WL 317497, at \*\*4 (10th Cir. 1999) (adopting the Seventh Circuit's narrow view of the futility exception); *Lindemann v. Mobil Oil Corp.,* 79 F.3d 647, 650 (7th Cir. 1996) (holding that to fall under futility exception, plaintiff must show with certainty that claim would have been denied upon administrative appeal); *Communications Workers of America v. American Telephone and Telegraph Co.,* 40 F.3d 426, 432 (D.C. Cir. 1994) (rejecting futility exception where plaintiffs failed to fully pursue administrative remedies, even though management had advised plaintiffs they would not be eligible for benefits). Plaintiff's counsel may want to consider consulting an attorney who specializes in ERISA when drafting an amended complaint.

**B. Counts II, III, and IV**

Plaintiff's remaining three counts allege state common law claims.[7]  Under § 1144(a), ERISA supersedes state laws that "relate to" a defined employee benefit plan.  The saving clause, § 1144(b)(2)(A), exempts from preemption state laws regulating insurance, banking, and securities.  For the purposes of the preemption provisions, "state law" includes state common law as well as statutes.  *See* 29 U.S.C. § 1144(c)(1).

The parties seem to agree that the benefits at issue are part of a covered plan as defined by § 1002(1), that Plaintiff's claims "relate to" the plan within the meaning of § 1144(a), and that ERISA initially preempts Plaintiff's claims.  The parties disagree, however, about whether the laws on which Plaintiff relies "regulate insurance"and therefore fall under the saving clause.

 Generally, "in order to regulate insurance, a law . . . must be specifically directed toward that industry."  *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 50 (1987).  Subsequent to *Pilot Life,* courts have consistently held that common-law tort and contract causes of action do not meet that standard.  *See Gaylor v. John Hancock Mutual Life Ins. Co.,* 112 F.3d 460, 466 (10th Cir. 1997) (holding that Oklahoma bad faith insurance law with origins in tort and contract principles does not regulate insurance in ERISA sense); *Cannon v. Group Health Service of Oklahoma, Inc.,* 77 F.3d 1270, 1273, 1275 (10th Cir. 1996) (finding that even when ERISA provides no remedy, general common-law principles do not regulate insurance); *Kelley v. Sears Roebuck and Co.,* 882 F.2d 453, 457 (10th Cir. 1989) (holding that Colorado's common law of

---

[7] Count IV's allegations that Defendants' conduct violated "New Mexico statutes and the common law" are too vague to assess.  Moreover, Plaintiff, in his briefs, appears to have abandoned these claims.  To the extent that Count IV can be interpreted as alleging violations of New Mexico law, however, these claims are preempted by ERISA.

bad faith does not regulate insurance).  Defendant Hartford correctly notes that the Plaintiff cited pre-*Pilot Life* cases to argue that state law breach of contract and bad faith claims survive ERISA.  *Pilot Life* and its progeny, however, clearly establish that state law breach of contract and bad faith claims are preempted by ERISA.  Therefore, Counts II, III, and IV of Plaintiff's complaint should be dismissed with prejudice.

IT IS THEREFORE ORDERED that:

1. Defendant Hartford's Partial Motion to Dismiss (Doc. No. 13) is GRANTED;

2. Defendant MCI Worldcom's Motion to Dismiss (Doc. No. 18) is GRANTED in part and DENIED in part;

3. Counts II, III, and IV will be dismissed with prejudice because they are preempted by ERISA; and

4. Count I, as presently alleged, will be dismissed without prejudice, and Plaintiff may serve and file an amended complaint alleging violations of ERISA no later than September 5, 2000.

*/s/ James A. Parker*
**UNITED STATES DISTRICT JUDGE**